**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

NAIA TRUST, GALE M. PARR, and
PAMELA A. GRAY,

        Plaintiffs,

-vs-                                    Case No. 6:09-cv-340-Orl-28KRS

VOLUSIA COUNTY, FLORIDA,

        Defendant.
_____

# ORDER

Plaintiffs filed this action in February 2009. (Doc. 1). Defendant, Volusia County, Florida ("the County"), moved to dismiss the case (Doc. 6), arguing that no "case or controversy" was presented because Plaintiffs had not suffered an injury and did not face a threat of immediate injury. On October 8, 2009, this Court granted that motion to dismiss without prejudice and allowed Plaintiffs the opportunity to file an Amended Complaint. (Order, Doc. 20). Plaintiffs have done so. (Am. Compl., Doc. 21). The County again moves to dismiss, asserting once again that Plaintiffs present no justiciable "case or controversy." (Doc. 24). Plaintiffs have filed a Response in Opposition (Doc. 28). As set forth below, the County's motion is denied.

In the six counts of the Amended Complaint (Doc. 21), Plaintiffs bring several constitutional challenges to Volusia County Ordinance No. 2008-18, which amended several

sections of the County Code of Ordinances ("Code") pertaining to animal control. As amended, the Code defines "hobby breeders" as "person[s] other than [] pet dealer[s] who shelter[], breed[], or train[] a single breed of dog or cat to conform to an approved standard of competition." Code § 14-31.

The individual Plaintiffs, Parr and Gray, describe themselves as such persons and state that they desire to operate as hobby breeders in the County; however, they object to the licensing requirements of the County and assert that their rights to equal protection, due process, and freedom from unreasonable searches are violated by the licensing requirements. The organizational Plaintiff, NAIA Trust ("NAIAT"), describes itself as a nonprofit corporation "established to promote responsible animal care and ownership, and the enactment of reasonable laws, policies and regulations to protect animals and the people who care for them." (Am. Compl. ¶ 3). Parr and Gray are among NAIAT's members. (Id. ¶¶ 6 & 9).

In the Order granting the County's first motion to dismiss, the Court noted that it was not clear from the initial Complaint what situation the Plaintiffs found themselves in with regard to licensure—that is, Plaintiffs did not specify whether they were licensed, had applied for a license, or had been denied a license. From the Amended Complaint, it is apparent that Plaintiffs have not made formal, complete applications for hobby breeder licenses because they allegedly would be required to waive some of their federal and state constitutional rights in order to obtain such licenses and they are not willing to do so. The County argues in its latest motion to dismiss that because Plaintiffs do not allege that they have applied for and been denied a license or that they have had a license revoked, they

have not suffered actual injury, do not face a threat of injury, and do not present a justiciable controversy.[1]

Contrary to the County's argument, the Court finds that because of the nature of the claims asserted by Plaintiffs, a justiciable controversy is presented and Plaintiffs have standing to pursue this case at this time. "For purposes of standing, a denial of equal treatment is an actual injury even when the complainant is able to overcome the challenged barrier." Common Cause/Georgia v. Billups, 554 F.3d 1340, 1351 (11th Cir. 2009). Plaintiffs allege that they are being subjected to unequal treatment and that the County may not force them to waive their Fourth Amendment rights as a condition of licensure. Under these circumstances, the Court finds that Plaintiffs may pursue their claims even without having made a formal license application. Cf. id. ("'The "injury in fact" in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit.'" (quoting Ne. Fla. Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 666 (1993)). Accordingly, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss and/or Motion for Summary Judgment (Doc. 24) filed by Defendant is **DENIED**.

---

[1]The County brings its motion as a motion to dismiss and, alternatively, as a motion for summary judgment. The County attaches evidence to the motion for the Court's consideration in the event the Court elects to proceed with the motion as a summary judgment motion. See Fed. R. Civ. P. 12(d). The Court has treated the motion as a motion to dismiss and not as a motion for summary judgment.

**DONE** and **ORDERED** in Orlando, Florida this 10th day of June, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record